UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61034-CIV-COHN/SELTZER

WILLIAM L. TAYLOR,

    Plaintiff,

v.

WING IT TWO, INC., and
COLEMAN POMPANO BEACH, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE DEFENDANTS' REPLY AND DIRECTING PLAINTIFF TO FILE A SUR-REPLY

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendants' Reply in Support of Motion to Dismiss [DE 20]. The Court has considered the motion, Defendants' response [DE 21], the record in this case, and is otherwise fully advised in the premises.

Plaintiff William L. Taylor is a disabled individual as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* DE 1 ¶ 2. Plaintiff alleges that, in April 2013, Plaintiff visited the business premises of Defendants Wing It Two, Inc., and Coleman Pompano Beach, LLC (together, "Defendants") as a customer. Id. ¶ 3. While there, Plaintiff purchased goods and attempted to use the restroom facilities. Id. Plaintiff claims that, during his visit, he encountered several "unlawful physical barriers, dangerous conditions, and ADA violations" which limited his ability to access the property and experience equal enjoyment of the goods, services, and accommodations therein. Id. ¶ 18. Plaintiff further avers that he lives in the vicinity of the business, and

intends to visit there again within the next six months.  Id. ¶ 4.

On May 3, 2013, Plaintiff brought this action against Defendants for violations of the ADA and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.  On May 24, 2013, Defendants filed their respective Motions to Dismiss [DE's 9, 10], both seeking dismissal of the Complaint on *res judicata* grounds.  Defendants asserted that they have previously been sued for ADA violations, albeit by a different plaintiff, and that the plaintiffs in that action had interests identical to those of Plaintiff in this case.  On June 13, 2013, Plaintiff responded to the Motion to Dismiss, arguing that the application of *res judicata* would be inappropriate in this action.  See DE 18.  On June 24, 2013, Defendants filed their Reply in Support of Motion to Dismiss [DE 19] ("Reply"), in which they reasserted their *res judicata* argument, but also contended that the Complaint should be dismissed for lack of standing.

In the instant motion, Plaintiff moves to strike the Reply for two reasons.  First, Plaintiff asserts that the Reply was not timely filed.  This argument is unavailing.  Local Rule 7.1(c) allows a movant to serve a reply memorandum within seven days after service of a response.  Local Rule 7.1(c)(1)(A) then provides the method for computing time, as follows:

> (A) If the motion or memorandum was served by mail or filed via CM/ECF, count fourteen (14) days (seven (7) days for a reply) beginning the day after the motion, response, or memorandum was certified as having been mailed or filed via CM/ECF.  If the last day falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next business day.  Beginning on the next calendar day, including Saturday, Sunday, or a legal holiday, count three (3) days.  The third day is the due date for the opposing memorandum or reply.  If the third day falls on a Saturday, Sunday, or legal holiday, the due date is the next business day.

Here, Plaintiff filed via CM/ECF his Memorandum of Law Opposing Defendants'

Motions to Dismiss [DE 18] ("Response") on June 13, 2013.  The seventh day after the filing was June 20, 2013.  Counting three more days after that brings us to June 23, 2013, which was a Sunday.  Thus, the due date for the Reply was the next business day, June 24, 2013, and it was therefore timely filed.

Second, Plaintiff argues that the Reply should be stricken because it raises arguments outside the scope of the Motion to Dismiss and Plaintiff's Response thereto.  Indeed, Local Rule 7.1(c) provides that "[a] reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law."  Plaintiff argues that the Reply should be stricken because it raises a new argument with regard to standing.  Defendants respond that standing goes to the Court's subject-matter jurisdiction, and therefore a standing challenge can be raised at any point in the case.  DE 21 at 2 (citing Worth v. Seldin, 422 U.S. 490, 498 (1975)).  Defendants represent that, if Plaintiff had moved to file a sur-reply to respond to the issue of standing, Defendants would not have objected to such a request.

The Court agrees with Plaintiff that Defendants' Reply clearly violates the requirements of Local Rule 7.1(c).  However, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quoting Dillard v. Baldwin Cnty. Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000).  Therefore, the Court concludes that it is appropriate to give Plaintiff leave to file a sur-reply to address the issue of standing, should it choose to do so.  See ABCO Premium Fin. LLC v. Am. Int'l Grp., Inc. No. 11-23020-CIV-SCOLA/BANDSTRA, 2012 U.S. Dist. LEXIS 111833,

at *11 (S.D. Fla. Aug. 9, 2012) ("While the raising of new issues . . . in reply brief is improper, a court has the discretion to consider the additional exhibits despite this procedural shortcoming.") (internal quotations omitted).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike Defendants' Reply in Support of Motion to Dismiss [DE 20] is **DENIED**;

2. Plaintiff shall have up to and including **July 19, 2013**, to file a sur-reply addressing the issue of standing raised in Reply in Support of Motion to Dismiss [DE 19].

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of July, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.