UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61034-CIV-COHN/SELTZER

WILLIAM L. TAYLOR,

    Plaintiff,

v.

WING IT TWO, INC., and
COLEMAN POMPANO BEACH, LLC,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Wing It Two, Inc.'s Motion to Dismiss [DE 9] and Defendant Coleman Pompano Beach, LLC's Motion to Dismiss [DE 10]. The Court has considered the motions, Plaintiff's response [DE 18], Defendants' reply [DE 19], Plaintiff's sur-reply [DE 24] the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

According to the Complaint [DE 1], Plaintiff William L. Taylor is a disabled individual as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* DE 1 ¶ 2. Plaintiff alleges that, in April 2013, he visited the business premises of Defendants Wing It Two, Inc., and Coleman Pompano Beach, LLC (together, "Defendants") as a customer. Id. ¶ 3. While there, Plaintiff purchased goods and attempted to use the restroom facilities. Id. Plaintiff claims that, during his visit, he encountered several "unlawful physical barriers, dangerous conditions, and ADA violations" which limited his ability to access the property and experience equal

enjoyment of the goods, services, and accommodations therein.  Id. ¶ 18.  Plaintiff further avers that he lives in the vicinity of the business, and intends to visit there again within the next six months.  Id. ¶ 4.

On May 3, 2013, Plaintiff brought this action against Defendants for violations of the ADA and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.  In the instant motions, Defendants assert that Plaintiff does not have standing to bring this action and that, even if he does, his claims are barred by *res judicata*.  The Court will address each of these arguments in turn.  Plaintiff opposes the motions.

## II. STANDING

### A. Legal Standards

First, Defendants argue that this case should be dismissed for lack of standing. A claim cannot proceed in federal court if the plaintiff does not have standing.  Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982).  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) encompasses both challenges based on the court's lack of federal subject matter jurisdiction and challenges based on lack of standing.  Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."); see also Holy Cross Hosp., Inc. v. Baskot, No. 10-62133-CIV, 2010 WL 5418999, at *2 (S.D. Fla. Dec. 23, 2010) ("Standing is jurisdictional in nature; therefore, Defendants proceeded under Rule 12(b)(1) to dismiss Count I for lack of standing.").

A Rule 12(b)(1) standing challenge can be either "facial" or "factual." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges attack standing based solely on the allegations in the complaint and any exhibits attached to the complaint, see Stalley, 524 F.3d at 1233, and the district court takes the allegations in the complaint as true when deciding the motion, Lawrence, 919 F.2d at 1529. Factual attacks challenge standing in fact, encompassing matters outside of the pleadings, and therefore allow the district court to consider extrinsic evidence such as testimony and affidavits. Id. When the attack is facial, the trial court must afford the plaintiff the benefit of "safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." Id. at 1529 (citations omitted). But when the attack is factual:

> the trial court may proceed as it never could under 12(b)(6) or [Rule] 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Id. (citations omitted).

### B. Analysis

Here, Defendants have not submitted any affidavits or exhibits in support of their motions; rather, they assert that Plaintiff's "conclusory allegations" are insufficient to support a finding of standing, and that Plaintiff's allegations are "simply implausible." DE 19 at 4-5. The Court therefore finds that Defendants have made a facial challenge to standing. Accordingly, the Court will accept Plaintiff's factual allegations as true for

3

the purpose of the present motions.  See Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1221 (M.D. Fla. 2012).

The constitutional standing analysis requires the plaintiff to demonstrate that: (1) the plaintiff suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  "Additionally, when a plaintiff seeks prospective injunctive relief, he must show a 'real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury.'"  Rosenkrantz v. Markopoulos, 254 F. Supp. 2d 1250, 1252 (M.D. Fla. 2003) (quoting Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001)) (emphasis in original).  In ADA cases, the Eleventh Circuit has held that a plaintiff must "[allege] facts giving rise to an inference that he will suffer future discrimination by the defendant."  Shotz, 256 F.3d at 1081-82 (finding no standing because "the plaintiffs have not attempted to return, nor have they alleged that they intend to do so in the future.").  In conducting this analysis, courts consider the following factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant."  Hoewischer, 877 F. Supp. 2d at 1222-23 (quoting Fox v. Morris Jupiter Assocs., No. 05-80689-CIV-MARRA, 2007 U.S. Dist. LEXIS 70884, at *9 (S.D. Fla. Sept. 25, 2007)).  Here, Defendants assert that Plaintiff has failed to plead sufficient facts to show a likelihood of future discrimination.  This argument is unavailing.  In the Complaint, Plaintiff alleges that:

> 4.    Plaintiff intends to visit the Facility and Property within six months,

> or sooner, to purchase goods. Plaintiff lives in the vicinity of the Facility. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, as soon as the Facility and Property are accessible again.

DE 1 ¶ 4. The court in Hoewischer considered a similar set of allegations. In that case, the plaintiff alleged that he lived 13.4 miles from the defendant's property, and that he "plans to return to the subject property within one (1) month of [sic] the barriers addressed herein are removed and Plaintiff has access to the property as required by the ADA." 877 F. Supp. 2d at 1223. The defendant claimed that, based on such allegations, the threat of future harm was not sufficiently definite to support standing. The court determined that the plaintiff had sufficiently alleged facts to support the existence of a definite plan to return to the defendant's property by stating his intent to return at a specific time in the near future. See id.; see also Ault v. Walt Disney World Co., No. 6:07-cv-1785-Orl-31KRS, 2008 U.S. Dist. LEXIS 38775, at *5-6 (M.D. Fla. May 13, 2008) (finding plaintiff's allegation of an intent to visit the defendant's property "at a specific point in time in the near future" to be sufficient to establish standing). Likewise, in this matter, Plaintiff has alleged that he lives "in the vicinity" of the subject property, has visited it before, and intends to do so again in the next six months. Accordingly, the Court concludes that Plaintiff has sufficiently alleged a likelihood of future harm.

  Defendants further contend that Plaintiff's claim that he plans to return to Defendant's property is "simply implausible." Defendants claim that "a review of this District's records reveals that Plaintiff, William Taylor, has brought a staggering 143 cases as Plaintiff." DE 19 at 5. This argument is unpersuasive. As noted above, at this stage of the proceedings, "the court limits its consideration to the pleadings and

5

exhibits attached thereto." GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508 , 1510 (11th Cir. 1993).  Thus, assertions related to other lawsuits brought by Plaintiff are not properly considered at this time.  See Hoewischer, 877 F. Supp. 2d at 1223-24 (finding that defendant's evidence that plaintiff had filed 100 other ADA lawsuits was irrelevant to a motion to dismiss).  Moreover, even if Plaintiff's other ADA actions were considered, "it is plausible that Plaintiff visited a number of business in his locale, wished to frequent each business, but encountered disability discrimination." Id. (quoting Campbell v. Grady's Bar, Inc., No. 0:10-CV-60648-LSC, 2010 U.S. Dist. LEXIS 69051, at *9 (S.D. Fla. July 12, 2010)).  Thus, because Plaintiff has plausibly alleged standing to bring this action, Defendants' Rule 12(b)(1) motions will be denied.

### III. *RES JUDICATA*

Defendants also move to dismiss this action as barred by *res judicata*. Generally, a party seeking to invoke *res judicata* based on a prior decision must establish the following four elements: (1) the prior decision was rendered by a court of competent jurisdiction; (2) the prior decision was a final judgment on the merits; (3) both cases involve the same parties or those in privity with them; and (4) both cases concern the same cause of action.  In re Piper Aircraft Corp., 244, F.3d 1289, 1296 (11th Cir. 2001).   Here, Defendants assert that they have previously been sued for ADA violations, albeit by a different plaintiff, and that the plaintiffs in that action had interests identical to those of Plaintiff in this case.  Defendants attach several docket entries from the case Advocating Disability Rights, Inc., et al v. Wing It, Inc. d/b/a Wings N' Things, No. 00-7486-CIV-MORENO (S.D. Fla. closed Mar. 28, 2001) ("the first case"), showing that the parties to that action reached a settlement agreement, and that the Court

approved the agreement and retained jurisdiction to enforce it.  See DE 9-1 at 23.

Plaintiff responds that it was neither a party to the first case, nor was it in privity with any of the parties.  Plaintiff further asserts that the causes of action in the two cases are not identical. The Court agrees with Plaintiff on both counts.

Generally, a nonparty to an action is not bound by a judgment therein. See Taylor v. Sturgell, 553 U.S. 880, 892-93 (2008) (noting that "[t]he application of claim and issue preclusion to nonparties . . . runs up against the deep-rooted historic tradition that everyone should have his own day in court.").  However, there are six recognized exceptions to the rule against nonparty preclusion:

> A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants.

Griswold v. Cnty of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 1210) (citing Sturgell, 553 U.S. at 893-895).  Here, Defendants acknowledge that Plaintiff was not a party to the previous suit, but contend that Plaintiff's interests were adequately represented by the plaintiffs in that case.  In support, Defendants rely on Harty v. Ehden, No. 12-cv-14087-KMM, 2012 U.S. Dist. LEXIS 83821 (S.D. Fla. June 18, 2012).  In Harty, the plaintiff brought an action as a "tester" on behalf of himself and other persons with disabilities.  2012 U.S. Dist. LEXIS 83821, at * 7.  In a prior action, a plaintiff-organization brought an ADA action against the same defendant.  In that action, the organization asserted that it "represent[s] the interest of its members by assuring places

of public accommodation are accessible to and usable by the disabled . . . . " Id.  The Court determined that the plaintiffs in the two actions had identical interests, as both sought to enforce the ADA for the benefit of themselves and others.  Id.  On that basis, the Court held that the Harty plaintiff's interests had been adequately represented, and the doctrine of *res judicata* barred the claim.

The holding of Harty is inapposite to the present case.  Unlike in Harty, Plaintiff in this action is neither a tester nor a member of the plaintiff-organization that brought the first case.  To the contrary, Plaintiff brought this suit on his own behalf to enjoin personal discrimination, and does not claim to represent the interests of others.  Therefore, the Court finds that Plaintiff was not in privity with the plaintiffs in the first case and that his interests were not adequately represented.  Moreover, a comparison of the settlement agreement in the first case with Plaintiff's Complaint in the instant matter shows that Plaintiff's specific claims have not previously been settled.[1]  In this case, Plaintiff seeks repairs to the parking spaces, ramps, service counters, tables, and restrooms.  DE 1 ¶ 18.  In the first case, the settlement agreement makes no mention of repairs to service counters or tables at the Pompano Beach location.  See DE 9-1 at 15-17.  Thus, because the first case did not involve either the same parties or identical claims, the Court finds that Plaintiff's claims are not barred by *res judicata*.

---

[1] The Court looks at the terms of the settlement agreement in the first case, rather than the complaint in the first case, because the complaint makes general allegations against two of the defendant's facilities – one in Wilton Manors, Florida, and one in Pompano Beach, Florida – without specifying which allegations applied to which facility.  See DE 9-1 at 6.  The settlement agreement breaks down which repairs must be made to each property.  Id. at 13-17.  The instant action only contains allegations pertaining to the Pompano Beach facility.  See DE 1 ¶ 2.

## IV. CONCLUSION

Therefore, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Wing It Two, Inc.'s Motion to Dismiss [DE 9] and Defendant Coleman Pompano Beach, LLC's Motion to Dismiss [DE 10] are **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Defendants Wing It Two, Inc., and Coleman Pompano Beach, LLC shall file their Answer and Affirmative Defenses by no later than **July 26, 2013**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of July, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.